## W. W. BOYCE v. E. C. WOODS AND OTHERS.

Under a joint and several judgment for one thousand dollars, rendered against Y., B., and H. as co-defendants, a levy was made on land of Y., alleged to be worth two thousand five hundred dollars, and also on land of B., alleged to be worth two hundred and fifty dollars, Pending the levy and before the day of sale, Y. died; and then the sheriff returned the execution, assigning Y's death as the reason why his land was not sold, and also returning B.'s land not sold, because of plaintiffs' directions not to sell it. Subsequently plaintiffs sued out another execution and levied on personal property of B., who thereupon sued out injunction, complaining, first, that the plaintiffs in execution were bound to sell his land previously levied on, before they could lawfully sue out further execution and levy on his personal property; and, secondly, that before the last levy could lawfully have been made on petitioner's property, the plaintiffs in execution were bound to enforce a sale of Y.'s land levied on before his death, there being further allegation that, before the first levy, petitioner had indemnified Y. to assume the payment of the entire judgment, and that plaintiffs in execution were informed of that fact before they sued out the last execution. *Held*, that it was not error, on motion and demurrer, to dissolve the injunction and dismiss B.'s suit, for want of equity on the face of his petition. After Y.'s

death, the judgment creditors had the right to execution against the surviving defendants in their judgment, and without first proceeding against the estate of Y., whose death necessarily stopped the sale of his land on execution. *Held further*, that by the return made of the execution levied on the lands of Y. and B., no injury or wrong was done to B., nor did the plaintiffs in execution thereby abandon any rights; and, therefore, though B. is entitled to contribution from Y.'s estate, yet he presents no case for an injunction against his judgment creditors.

ERROR from Lavaca. Tried below before the Hon. W. H. Burkhart.

The opinion of the court states the case.

*Walton & Hill*, for the plaintiff in error.

*R. L. Foard*, for the defendants in error.

WALKER, J. This is an appeal from the judgment of the District Court, dissolving an injunction and dismissing the bill. We can see no error in the judgment.

The plaintiffs, in the execution below, were not bound by any arrangement between the plaintiff in error and his co-defendants, and the fact that Boyce made an arrangement with York, by which York's property should be turned out to satisfy the execution, gives him no right, against the defendants in error, to enjoin the collection of their judgment.

Boyce, Hicks, and York could make what arrangement they saw proper, among themselves, but the defendants in error would not be bound by it, unless for some sufficient consideration they became parties to it, and it is not claimed that they ever did.

York's death, pending the levy of the second execution, accounts for its having been returned in the manner it was, without a sale; and for anything we can see, the judgment creditor had a perfect right to proceed against his surviving debtors, without waiting upon the administration of York's estate. It is not claimed but that Boyce, Hicks, and York

were severally liable in the judgment. The injunction appears to have been sought, first, upon the ground that the hundred acres of land belonging to Boyce, which was included in the second levy, had not been sold previous to the issuance of the *plures* execution, which was levied upon his stock of horses; secondly, on the ground that before a *plures* could be levied upon Boyce's property, the property of York, taken under the *alias* execution, should be sold, and that, by the arrangement between York and Boyce, York had bound himself to Boyce to pay off the judgment. The death of York necessarily stopped the sale of his property on execution. As is claimed, there may be some question as to whether the levy was released by the death of York, but a well-founded doubt on this point sufficiently explains the reason why the *alias* execution was returned without a sale.

The plaintiff in execution neither lost nor abandoned his rights, nor did Boyce suffer any wrong, by the return of this execution. As between co-defendants in the judgment, whatever rights they had for contribution still exist, and Boyce may enforce those rights against York's estate; but he cannot make them a pretense, nor do they constitute any ground in equity, for an injunction against the *plures* execution.

The judgment of the District Court, for the reasons given, is affirmed.

Affirmed.